UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ARYEH COHEN,                                                    **DOCKET NO.:**

                         Plaintiff,

                                                                **NOTICE OF REMOVAL**

            -against-


AMERICAN AIRLINES, INC.
AMERICAN AIRLINES GROUP, INC.
JOHN DOES 1-5 and JANE DOES 1-5,

                         Defendants.
------------------------------------------------------------------------X


   **PLEASE TAKE NOTICE** that defendants, AMERICAN AIRLINES, INC. and

AMERICAN AIRLINES GROUP, INC., by and through their attorneys, RUTHERFORD &

CHRISTIE, LLP, hereby remove this action to the United States District Court for the Eastern

District of New York, pursuant to 28 U.S.C. §1331.


   1.  This action was commenced against AMERICAN AIRLINES, INC. and AMERICAN

AIRLINES GROUP, INC. in the Supreme Court of the State of New York, County of Kings, by

the filing of a Summons with Verified Complaint on or about December 27, 2018.  See Exhibit

"A" attached hereto.


   2.     The Verified Complaint seeks damages for personal injuries due to the alleged

negligence, carelessness, recklessness and lack of care by the Defendants, AMERICAN

AIRLINES, INC. and AMERICAN AIRLINES GROUP, INC., which allegedly took place on an

international flight from Charles De Gaulle Airport, Paris, France and Dallas Forth Worth

International Airport, Texas on December 28, 2015. See Exhibit "B" attached hereto.

3.     The plaintiff's claim is governed by the Montreal Convention.  The plaintiff was engaged in "international transportation as defined by the Montreal Convention[1].

4.     As a treaty of the United States, the Montreal Convention is the Supreme Law of the land.  U.S. Const. Art. VI, cl. 2; Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 123 (1989).

5.     The plaintiff's transportation was "international" because he departed from Paris, France and traveled to Dallas Forth Worth International Airport in Texas.

6.     The plaintiff's claim, therefore, raises a federal question under 28 U.S.C. §1331. Furthermore, Chapter III, Article 17 of the Montreal Convention is applicable to the plaintiff's claim for emotional harm and/or distress.

7.     In addition to the above, this cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, in that the amount in controversy upon information and belief, exceeds $75,000 exclusive of interest and costs.

---

[1]

    Article 1(1) of the Montreal Convention provides that it applies "to all international transportation of persons, baggage or goods performed by aircraft for hire."  49 U.S.C. app. §1502 note.  "International transportation" within the meaning of the Convention is defined in Article 1(2) as:

    any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

8.     Defendant, AMERICAN AIRLINES, INC., was purportedly served with a copy of the initial pleading setting forth the claim upon which this action is based on or about January 29, 2019. The Secretary of State was purportedly served on or about January 10, 2019.

9.     In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the defendant of a copy of the initial pleading.

10.     Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

11.     Pursuant to 28 U.S.C. 1446(a), copies of the Summons and Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, are attached hereto as Exhibit "A" and made a part of this Notice by reference.

12.     AMERICAN AIRLINES, INC. and AMERICAN AIRLINES GROUP, INC., will pay all costs (disbursements) by reason of  this removal proceeding should it be determined that this case is not removable or is improperly removed.

13.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses,

AMERICAN AIRLINES, INC. and AMERICAN AIRLINES GROUP, INC., request that this

Court assume jurisdiction over this action and make such further orders herein as may be

required to properly determine its controversy.

Dated:  New York, New York
        February 1, 2019

                    Respectfully submitted,

                  **RUTHERFORD & CHRISTIE, LLP**

                  By: _____

                      David S. Rutherford
                      Attorneys for Defendants
                      AMERICAN AIRLINES, INC. and
                      AMERICAN AIRLINES GROUP, INC.
                      800 Third Avenue, 9th Floor
                      New York, New York 10022
                      (212)  599-5799
                      Our File No.:3748.433

TO:   Mr. Aryeh Cohen
       Pro Se Plaintiff
       P.O. Box 20112
       New York, New York 10001
       (347) 474-9579

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the **NOTICE OF REMOVAL** was served via

regular mail to:

> Mr. Aryeh Cohen
> Pro Se Plaintiff
> P.O. Box 20112
> New York, New York 10001
> (347) 474-9579

on the 1ST day of February, 2019.

**RUTHERFORD & CHRISTIE, LLP**

By: _____
         David S. Rutherford, Esq.