SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------- X

ARYEH COHEN,

                               Plaintiff,

- against -

AMERICAN AIRLINES, INC.,
AMERICAN AIRLINES GROUP, INC.,
JOHN DOES 1-5 and JANE DOES 1-5

                              Defendants.

------------------------------------------------------------- X

    To the above named Defendant(s)

Index No.: 3312/18
Purchased: 12-27-18

Plaintiff designates
Kings County
as the place of trial

The venue basis is..
Defendant's Residence

**SUMMONS**

Plaintiff resides in
Kings County

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York December 27, 2018

                                              ARYEH COHEN
                                              Plaintiff Pro Se
                                              P.O. Box 20112
                                              New York, NY 10001
                                              (347) 474-9579

KINGS COUNTY CLERK RECEIVED 2018 DEC 27 PM 3: 14

<u>Defendant(s) Address:</u>

| | |
|---|---|
| AMERICAN AIRLINES, INC. | AMERICAN AIRLINES GROUP, INC |
| c/o CT Corporation System | 4333 Amon Carter Blvd |
| 111 Eighth Avenue | Fort Worth, Texas 76155 |
| New York, New York 10011 | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
ARYEH COHEN,

                                  Plaintiff,

- against -

AMERICAN AIRLINES, INC.,
AMERICAN AIRLINES GROUP, INC.,
JOHN DOES 1-5 and JANE DOES 1-5

                                  Defendants.
-------------------------------------------------------------X

Index No.

VERIFIED
COMPLAINT

        Plaintiff, *Pro Se*, complaining of the Defendants herein, respectfully sets forth and alleges as follows:

        1.     Upon information and belief, at all times hereinafter mentioned, the Defendant, AMERICAN AIRLINES, INC., is a Delaware Corporation licensed to business in the County, City, and State of New York.

        2.     Upon information and belief, at all times hereinafter mentioned, the Defendant, AMERICAN AIRLINES, GROUP, INC., is a Delaware Corporation licensed to business in the County, City, and State of New York.

        3.     Defendants JOHN DOES 1-5 are natural persons, the identity of whom are currently unknown, other than the fact that they are employees of

Defendants AMERICAN AIRLINES, INC. and AMERICAN AIRLINES, GROUP, who may be liable to the Plaintiff in whole or in part for the damages set forth herein

4. Defendants JANE DOES 1-5 are natural persons, the identity of whom are currently unknown, other than the fact that they are employees of Defendants AMERICAN AIRLINES, INC. and AMERICAN AIRLINES, GROUP, who may be liable to the Plaintiff in whole or in part for the damages set forth herein.

## AS AND FOR A FIRST CAUSE OF ACTION

5. That on December 28, 2015 the Plaintiff was a passenger on an airplane designated with Flight Number 49 by Defendants AMERICAN AIRLINES, INC. and AMERICAN AIRLINES, GROUP, (Hereinafter collectively referred to as "American Airlines" or "Defendants") which it was operating without stops or interruptions between Charles De Gaulle (CDG) and Dallas Fort Worth (DFW).

6. Said flight was conducted on an aircraft owned, leased, operated, staffed or otherwise controlled by Defendants American Airlines.

7. On December 28, 2015, Defendant American Airlines employed a flight crew purportedly responsible for the safe and secure operation of subject

flight, as well as the safety and well-being of its passengers aboard the subject flight.

8. That Plaintiff was a passenger designated in Seat 4J of the aforesaid three cabin flight from CDG to DFW.

9. That subject flight was significantly delayed.

10. That upon boarding subject flight Plaintiff was attempting to arrange alternate plans for a connection in DFW.

11. That upon boarding there was a "greeter" by the doorway, a flight attendant known as John Doe 1.

12. That upon heading towards his seat on the aircraft Plaintiff was startled by a maniacal flight attendant charging from the rear, yelling and poking defendant.

13. That said flight attendant, John Doe 1, began yelling at Plaintiff "you didn't acknowledge me when you boarded the plane…you didn't say hello to me…!"

14. That in the midst of his fit of rage Defendant John Doe 1 began swinging his arms and hands in a maniacal fashion.

15. That in his maniacal fit and without regard to anyone around Defendant, John Doe 1, struck Plaintiff several times around the head, neck and shoulder area.

16. That as a result of being struck several times Plaintiff was caused to sustain serious injuries.

17. That the whole while Plaintiff was being struck Defendant's John Does 1-5 and Jane Does 1-5 were employees of American Airlines.

18. That the whole while Defendant's John Does 1-5 and Jane Does 1-5 were in their capacity as American Airlines employees working on the subject flight as flight attendant's and/or pilots/co-pilots or otherwise.

19. That the whole while Plaintiff was pleading with them to get this maniacal American Airlines flight attendant to stop his tirade.

20. That said employees did not intervene, not the captain nor the purser, with the maniacal flight attendants tirade.

21. The Plaintiff was severely injured when the aforesaid employee/agent of the Defendants AMERICAN AIRLINES, INC. and AMERICAN AIRLINES, GROUP, came into violent contact with Plaintiff due to the negligence of Defendants and its employee agents aforesaid.

22. The Defendants, their agents, servants, and/or employees did extend to the Plaintiff an implied and/or expressed warranty that the premises was safe and in good condition for the purposes intended with said express and/or implied warranties being untrue and which did cause injuries to the Plaintiff who did rely upon said implied and/or expressed warranties.

23. That said accident and the injuries to the Plaintiff resulting therefrom were caused solely and wholly by the negligence, carelessness, recklessness and/or other lack of due care of the Defendants, its agents, servants and/or employees without any negligence on the part of the Plaintiff thereto.

24. The Defendants, their agents, servants and/or employees were negligent, careless and reckless in their failure to properly operate, control and contain the aforesaid flight attendant so that it came into violent contact with the Plaintiff; in failing to provide a safe aircraft free from out of control flight attendant(s) so as to avoid it from coming into contact with passengers and in failing to warn passengers and more particularly of the potentially dangerous flight attendant. In failing to provide proper medical attention to the Plaintiff; in negligently hiring aforesaid flight attendant; in violating applicable policies, protocols, laws, rules, and regulations, including but not limited to 14 CFR § 91.105 (a)(1), 14 C.F.R. § 91 and 14 C.F.R.; and in otherwise being negligent, careless, and reckless.

25. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was injured.

26. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was seriously injured.

27. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was permanently injured.

28. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

29. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was prevented from engaging all or a portion of his usual course of conduct and in the future shall continue to be deprived of same.

30. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered losses and in the future shall continue the same.

31. That by reason of the foregoing the Plaintiff suffered injuries to his body and limbs, suffered shock to his nerves and nervous system, accompanied by physical pain and mental anguish and expend sums of money therefor, and will be so compelled in the future, and upon information and belief, the Plaintiff has been permanently injured.

32. Plaintiff demands judgment against defendant in excess of the jurisdiction of all lower courts in an amount to be determined by a trier of fact,

together with interest, costs, and disbursements of this action and for any further relief that this court may deem just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION

33. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

34. At all times relevant herein, AMERICAN AIRLINES was an employer of John Does 1-5 and Jane Does 1-5. At all times relevant herein, AMERICAN AIRLINES negligently hired Defendant JOHN DOE 1.

35. By reasons of the foregoing, the Defendant AMERICAN AIRLINES is liable for the torts committed against Plaintiff by Defendants John and Jane Does 1-5. In particular JOHN DOE 1.

### AS AND FOR THE THIRD CAUSE OF ACTION

36. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37. Defendant JOHN DOE 1 was a "greeter" and flight attendant employed by AMERICAN AIRLINES.

38. While aboard subject flight, Defendant JOHN DOE 1 negligently, carelessly and recklessly swung his arms in a maniacal and wild fashion and strike Plaintiff about the head and neck.

39. Said incident was caused by the negligence, carelessness, recklessness and/or other lack of due care on the part of Defendant JOHN DOE 1, without any negligence on the part of the plaintiff herein.

40. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was injured.

41. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was seriously injured. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was permanently injured.

42. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

43. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was prevented from engaging all or a portion of his usual course of conduct and in the future shall continue to be deprived of same.

44. As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered losses and in the future shall continue the same.

45. That by reason of the foregoing the Plaintiff suffered injuries to his body and limbs, suffered shock to his nerves and nervous system, accompanied by physical pain and mental anguish and expend sums of money therefor, and will be so compelled in the future, and upon information and belief, the Plaintiff has been permanently injured.

46. Plaintiff demands judgment against defendant in excess of the jurisdiction of all lower courts in an amount to be determined by a trier of fact, together with interest, costs, and disbursements of this action and for any further relief that this court may deem just and proper.

## AS AND FOR THE FOURTH CAUSE OF ACTION

47. Plaintiff restates and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

48. While traveling and being in his capacity as a flight attendant aboard American Airlines flight 49 on December 28, 2018, Defendant JOHN DOE 1 was acting as an agent, servant employee, contractor, or otherwise in service to, or for the benefit of, Defendants AMERICAN AIRLINES and/or JOHN DOES 2-5 and/or JANE DOES 1-5.

49. At the time and place aforesaid, Defendant JOHN DOE 1 was acting with the full knowledge, permission, and/or consent of Defendants.

50. At the time and place aforesaid, Defendant JOHN DOE 1 was acting within the course and scope of his employment with Defendants.

51. By reason of the aforesaid negligence, carelessness and/or recklessness of Defendant JOHN DOE 1, Defendants AMERICAN AIRLINES are vicariously liable for the injuries suffered by the Plaintiff as previously alleged herein.

52. Plaintiff demands judgment against defendant in excess of the jurisdiction of all lower courts in an amount to be determined by a trier of fact, together with interest, costs, and disbursements of this action and for any further relief that this court may deem just and proper.

53. That by reason of the foregoing the Plaintiff has been damaged in an amount in excess of all jurisdictional limits of all lower courts of the State of New York but not in an amount more than SEVENTY-FOUR THOUSAND and NINE HUNDRED AND NINETY-NINE ($74,999.00) AND NO/100 DOLLARS.

WHEREFORE PLAINTIFF demands judgment against the Defendants in an amount in excess of all jurisdictional limits of all lower courts, but not in an amount more than SEVENTY-FOUR THOUSAND and NINE HUNDRED AND NINETY-NINE ($74,999.00) AND NO/100 DOLLARS, all together with the costs, interests and disbursements of this action.

DATED: New York, New York December 27, 2018

*Aryeh Cohen*
Plaintiff Pro Se
P.O. Box 20112
New York, New York 10001
347-474-9479

Sworn to before me on the
27 day of December 2018.

*Josephine Bourne*

JOSEPHINE BOURNE
Notary Public, State of New York
No. 04BO6325374
Qualified in Kings County
Commission Expires May 26, 2019

DEPARTMENT
One Comme
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



U.S. POSTAGE >> PITNEY BOWES

ZIP 12231  $ 004.87
02 1W
0001391831 JAN 24 2019

**USPS CERTIFIED MAIL**

9214 8969 0059 7939 1283 17

201901220353
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK NY, 10011